# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52895-9-II |
| Respondent, | |
| v. | |
| PAVEL VICTOROVICH KORYAVYKH, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, A.C.J. — Pavel Victorovich Koryavykh appeals his sentence following his jury trial convictions for third degree driving with a suspended license and reckless driving. He argues that the sentence imposed in the judgment and sentence was inconsistent with the trial court's oral sentencing. Koryavykh also argues that the interest provision that imposes interest on all legal financial obligations (LFOs) was improper under RCW 10.82.090(1). The State concedes that interest on non-restitution LFOs is improper. We hold that the judgment and sentence was not inconsistent with the trial court's oral sentencing statement and that the interest provision must be revised to apply only to restitution. Accordingly, we affirm Koryavykh's sentence but remand for the correction of the interest provision.

## FACTS

After a high speed pursuit, Koryavykh was arrested and charged with several offenses. A jury found Koryavykh guilty of third degree driving with a suspended license and reckless driving.

At the October 19, 2018 sentencing hearing, the trial court rejected both parties' sentencing recommendation and stated,

> So the Court is going to impose 45 days in the Pierce County Jail. I'm going to *suspend the balance*. 45 days on each count, and that will be concurrent, and then I'm going to *suspend the balance* for a two year period. You get credit for time served, the time that you have already served. I think there is a mandatory 30-day license suspension. That is in addition to what you have suspended right now.

V Verbatim Report of Proceedings (VRP) at 584 (emphasis added). Although the trial court referred to the "balance" of the sentence, the court did not state what the "balance" of the sentence was.

The trial court then found Koryavykh indigent and, after a discussion with counsel, imposed only the crime victim compensation penalty.

Before recessing, the court stated,

> I have reviewed the Judgment and Sentence on suspended sentence, as well as the Warrant of Commitment. They do conform with the [c]ourt's oral ruling, and therefore, I have signed them in open court and in the presence of the defendant.

V VRP at 589.

The judgment and sentence stated that the trial court had imposed concurrent sentences of 90 days on the third degree driving on a suspended license conviction and 364 days on the reckless driving conviction. But the trial court suspended 45 days of the 90-day sentence and suspended 319 days of the 364-day sentence for two years, and ordered that Koryavykh serve only 45 days in jail on each offense.

The trial court waived any discretionary costs due to Koryavykh's indigency, but it imposed a $250 crime victim penalty assessment. The judgment and sentence also included an interest provision that required Koryavykh to pay interest on his total LFOs.

Koryavykh appeals his sentence and the interest provision.

ANALYSIS

I. SENTENCE

Koryavykh argues that the judgment and sentence does not accurately reflect the trial court's oral sentencing, which he contends imposed only concurrent 45-day sentences. Koryavykh asserts that the sentence in the judgment and sentence is a scrivener's error and that we should remand this matter for the trial court to correct the sentence to reflect the sentence imposed at the sentencing hearing. We disagree.

In its oral statement at the sentencing hearing, the trial court stated that it was imposing 45 days of *jail time* on each offense and that it was *suspending the balance of the sentences* for two years. The court did not state that it was imposing only 45-days on each count. Furthermore, the trial court reviewed the completed judgment and sentence, which Koryavykh then signed, and confirmed that the sentence in that document was consistent with its oral sentencing.

Because the trial court clearly set out the precise terms of the sentence in the judgment and sentence and that sentence is not inconsistent with the trial court's oral sentencing, this argument fails.[1]

---

[1] Koryavykh did not cite any legal authority requiring the trial court's oral pronouncement of sentence to be complete. We note that although CrR 7.2(a) requires the trial court to "state the precise terms of the sentence," it does not require that that statement be an oral pronouncement.

No. 52895-9-II

## II. INTEREST PROVISION

Koryavykh next argues that under RCW 10.82.090, the trial court erred by imposing interest on the non-restitution LFOs. The State concedes that this was error. Because Koryavykh was sentenced after June 7, 2108, we accept the State's concession.

RCW 10.82.090(1) provides in part, "As of June 7, 2018, no interest shall accrue on nonrestitution [LFOs]." Koryavykh was sentenced in October 2018, thus the trial court erred by imposing interest on non-restitution LFOs, and we accept the State's concession.

We hold that the judgment and sentence was not inconsistent with the trial court's oral sentencing statement and that the trial court erred by imposing interest on non-restitution LFOs. Accordingly, we affirm Koryavykh's sentence, but we remand for the correction of the interest provision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, A.C.J._

SUTTON, A.C.J.

We concur:

_Glasgow, J._

GLASGOW, J.

_Cruser, J._

CRUSER, J.

4